UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X    Docket No.: CV 07 0189
CINDI POLITO,

                Plaintiff,

   – against –

TRI-WIRE ENGINEERING SOLUTION, INC.
RAYMOND PARIS, MARK SPIERS, GREG
CONNOLLY, JOHN MARSH,

                Defendants.
--------------------------------------------------------X

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Demi Sophocleous, Esq. (DS6450)
**MORRISON MAHONEY LLP**
Attorneys for Defendants
17 State Street, Suite 1110
New York, New York 10004
Tel. No.:  (212) 825-1212

# TABLE OF CONTENTS

PRELIMINARY STATEMENT..................................................................…..……....1

STATEMENT OF THE FACTS.......................................................…...……....3

ARGUMENT...............................................................................................3

POINT I

       PLAINTIFF'S FIRST CAUSE OF ACTION SHOULD BE
DISMISSED AS A MATTER OF LAW BECAUSE PLAINTIFF
WAS NOTIFIED IN WRITING BY TRI-WIRE OF HER RIGHT
TO CONTINUATION OF HEALTH CARE COVERAGE
UNDER TRI-WIRE'S HEALTH PLAN AT THE
COMMENCEMENT OF PLAINTIFF'S EMPLOYMENT IN
THE TRI-WIRE POLICY HANDBOOK AND AT THE TIME
OF PLAINTIFF'S TERMINATION FROM TRI-WIRE BY
WRITTEN NOTIFICATION..........…………………………………..3

POINT II

       PLAINTIFF'S FOURTH CAUSE OF ACTION MUST FAIL
BECAUSE PLAINTIFF IS UNABLE TO ESTABLISH AT
LEAST ONE OF THE REQUIRED ELEMENTS TO MAINTAIN
A DISCRIMINATION CLAIM AGAINST DEFENDANTS
BASED ON SEXUAL HARASSMENT…………………....…….....5

POINT III

       PLAINTIFF'S SIXTH THROUGH NINTH CAUSES OF ACTION
SHOULD BE DISMISSED AS A MATTER OF LAW
BECAUSE PLAINTIFF HAS FAILED TO PRESENT ANY
ADMISSIBLE EVIDENCE TO SUPPORT HER
ALLEGATIONS THAT DEFENDANTS ENGAGED IN ANY
DISCRIMINATORY PRACTICE AGAINST HER BASED
ON HER GENDER AND/OR PREGNANCY………………..……..7

908574v1

POINT IV

PLAINTIFF'S TENTH CAUSE OF ACTION SHOULD BE
DISMISSED AS A MATTER OF LAW BECAUSE IN ORDER
TO EVEN GET TO THE ISSUE OF NEGLIGENT SUPERVISION
AND RETENTION, PLAINTIFF IS FIRST REQUIRED TO
PROVE THAT SHE ENDURED SOME DISCRIMINATORY
PRACTICE AND THAT SHE SUFFERED SOME INJURY AS
A RESULT OF THAT
PRACTICE...................................................................11

CONCLUSION............................................................12

# TABLE OF AUTHORITIES

## <u>Cases</u>

Crotty v. Dakotacare Admin. Svcs.
    455 F.3d 828 (2006, 8th Cir.)...................................................3, 4

D'Amico v. Christie
    71 N.Y.2d 76 (1987)........................................................11

Ehrens v. Lutheran Church
    385 F.3d 232 (2nd Cir. 2004)...............................................11

Gilroy v. Continental Corp.
    237 A.D.2d 251; 655 N.Y.S.2d 397 (2d Dept),
    *lv. denied* 90 N.Y.2d 809, 686, N.E.2d 1365,
    644 N.Y.S.2d 270 (1997)...................................................8

Jachim v. KUTV Inc.
    783 F.Supp. 1328 (D. Utah 1992)...........................................4

Matter of Energy Expo Inc. v. NYS Division of Human Rights
    112 A.D.2d 302, 491 N.Y.S.2d 748 (2d Dept 1985).........................8

Pace v. Ogden Svcs. Corp.
    257 A.D.2d 101, 692 N.Y.S.2d 220 (3d Dept 1999).........................5

San Juan v. Leach
    278 A.D.2d 299, 717 N.Y.S.2d 334 (2d Dept 2000).........................6

Sogg v. American Airlines, Inc.
    193 A.D.2d 53, 603 N.Y.S.2d 21 (1st Dept 1993), *lv. denied*,
    83 N.Y.2d 754, 634, N.E.2d 605, 612 N.Y.S.2d 109 (1994)...............8

Truesdale v. Pacific Holding Co./Hay Adams Div.
    778 F.Supp. 77 (1991, DC Dist. Col)......................................4

## **Statutes**

29 U.S.C.S. § 1166………………………………………………………..3

29 U.S.C.S. § 1166(a)(4)...……………………………………………………..3

New York City Administrative Code Title 8, Section 8-107(6)…………………..2

New York City Administrative Code Title 8, Section 8-107(a)…………………..2

New York State Executive Law Section 296……………………………………...2

New York State Executive Law Section 296(6)………………………………..2

New York State Executive Law Section 296(a)(1)………………………………...7

## PRELIMINARY STATEMENT

Defendants TRI-WIRE ENGINEERING SOLUTIONS, INC. RAYMOND PARIS, MARK SPIERS, GREG CONNOLLY, and JOHN MARSH (collectively, "defendants") submit this memorandum of law in support of their motion for summary judgment seeking to dismiss the plaintiff's complaint in its entirety.

As stated in the opening paragraph of the plaintiff's complaint, this case involves allegations of discrimination based on gender, sexual harassment, pregnancy and violations of the Consolidated Omnibus Budget Reconciliation Act ("COBRA"). This is a case where the plaintiff was initially alleging violations of the Fair Labor Standards Act, New York State Labor Law, COBRA, Pregnancy Discrimination, Gender Discrimination and Retaliation under the New York State Human Rights Law arising from her employment with Tri-Wire Engineering Solutions, Inc. (hereinafter referred to as "Tri-Wire").

As discussed in the accompanying attorney affirmation of Demi Sophocleous, the plaintiff has voluntarily discontinued the following causes of action by way of a Stipulation So-Ordered by this Honorable Court on March 31, 2008:

(1)    The Fair Labor Standards Act (Second Cause of Action);
(2)    New York State Labor Law (Third Cause of Action); and
(3)    The Retaliation Claim under New York State Human Rights Law (Fifth Cause of Action).

1

906702v1

A copy of the so-ordered stipulation is annexed to defendants' motion papers as Exhibit "H".

Specifically, the plaintiff alleges that defendants engaged in unlawful discriminatory practice in violation of the New York State Executive Law Section 296 and New York City Administrative Code Title 8, Section 8-107(a) by discriminating against the plaintiff based on her gender, disability, and/or perceived disability.  The plaintiff specifies in her complaint that the disability and/or perceived disability she is referring to is a pregnancy.  The plaintiff further alleges that defendants engaged in an unlawful discriminatory practice in violation of New York State Executive Law Section 296(6) and New York City Administrative Code Title 8, Section 8-107(6) by aiding, abetting, inciting, compelling and coercing the discriminatory practices suffered by her.

Of the remaining causes of action set forth in the plaintiff's complaint, none provide a viable cause of action against defendant Tri-Wire or any of the individually named employee defendants.

The plaintiff, an at will employee, was terminated as a direct result of plaintiff's altercation with her worker Jennifer Martin and plaintiff's failure to return to work on her regularly scheduled work day following that altercation. *See, Paris Aff. at ¶18.*

For these reasons, the plaintiff's complaint should be dismissed in its entirety.

2

906702v1

## STATEMENT OF FACTS

We respectfully refer this Honorable Court to the factual background section contained in the Affirmation of attorney Demi Sophocleous attached to the Defendants' accompanying motion papers.

## ARGUMENT

**I.     Plaintiff's First Cause of Action Should be Dismissed as a Matter of Law Because Plaintiff was Notified in Writing by Tri-Wire of Her Right to Continuation of Health Care Coverage Under Tri-Wire's Health Plan at the Commencement of Plaintiff's Employment in the Tri-Wire Policy Handbook and at the Time of Plaintiff's Termination from Tri-Wire by Written Notification**

Plaintiff alleges that defendant Tri-Wire violated COBRA by failing to provide her with timely notice of her right to elect continuation of health care coverage under Tri-Wire's health plan.  29 USCS § 1166 governs the COBRA notice requirements.  Under this statute, no particular method of delivery of the notice is required.  Rather, courts have found that employers must make a good faith effort to comply with the notice statute.  Specifically, 29 USCS § 1166(a)(4) "does not require any particular system or specific approach to the delivery of notice. An administrator need not provide a return receipt for the notice or present testimony of an employee specifically recalling the individual letter.  Crotty v. Dakotacare Admin. Svcs., 455 F.3d 828 (2006, 8th Cir).  However, while no specific approach is required, the Crotty Court held that "COBRA requires the plan

906702v1

administrator to keep records of the notices that it has given, and that the administrator must provide something that indicates that its mailing system was reliable and that the system was followed in the relevant instance." Id.

In, Truesdale v. Pacific Holding Co./Hay Adams Div. 778 F.Supp. 77 at 78-79 (1991, DC Dist. Col) the plan administrator presented an affidavit by an employee who recalled mailing the notice to the recipient. Cf. *Jachim v. KUTV Inc.*, 783 F. Supp. 1328, 1333-34 (D. Utah 1992).

Similarly, in the instant matter, Marie Wade, the Tri-Wire Human Resources Director/Manager who was in charge of the employee benefit packages promptly notified the plaintiff in writing by first class mail to the plaintiff's last known address. *See,* Wade Aff. at ¶14. Furthermore, Ms. Wade attested to the reliability of the mailing system at the time of the mailing. *See,* Wade Aff. at ¶14. *See also,* the notification letter attached to defendants' motion papers as Exhibit "M".

Finally, all Tri-Wire employees were provided with an Employee Policy Handbook at the commencement of his/her employment which included a section concerning Benefits Continuation (COBRA). *See,* Section 313 of the Policy Handbook annexed to defendants' motion papers as Exhibit "I". Plaintiff admitted to having received and read the Employee Policy Handbook prior to her termination. *See,* Exhibit "D" attached to defendants motion papers, at p. 130, lines 8-18.

4

Therefore, defendants have satisfied their prima facie entitlement to the dismissal of plaintiff's first cause of action.

## II.    Plaintiff's Fourth Cause of Action Must Fail Because Plaintiff is Unable to Establish at Least One of the Required Elements to Maintain a Discrimination Claim Against the Defendants Based on Sexual Harassment

"In order to prevail on the charge of sexual discrimination by reason of sexual harassment creating a hostile work environment, plaintiff bears the initial burden of establishing a prima facie case of sexual harassment." Pace v. Ogden Svcs Corp., 257 A.D.2d 101, 103; 692 N.Y.S.2d 220, 223 (3d Dept 1999). Plaintiff must establish (1) she belongs to a protected group, (2) she was the subject of unwelcome sexual harassment, (3) the harassment was based on her gender, (4) the sexual harassment affected a term, condition or privilege of employment *and* [emphasis added], (5) the employer knew or should have known of the harassment and failed to take remedial action. Id.

Here, although plaintiff was: (1) a woman (a member of a protected group); (2) has testified to at least some general comments that were allegedly made at her work place that could be construed to be of a sexual nature; and (3) if, taken as true, such comments could be construed as gender based comments, plaintiff has clearly failed to demonstrate that the sexual harassment affected a term, condition or privilege of her employment. In no uncertain terms, the plaintiff testified that while employed by Tri-Wire she received merit based pay raises and a promotion,

5

906702v1

and her job duties and responsibilities remained the same throughout her pregnancy while employed by Tri-Wire. *See,* Exhibit "D" at p. 46, lines 5-11. Significantly, plaintiff testified that she never felt uncomfortable to go to work at Tri-Wire up until her last date of employment as a direct result of her altercation with her co-worker Jennifer Martin. *See,* plaintiff's deposition transcript of day two of her testimony attached to defendants' motion papers as Exhibit "E" at p. 339, lines 5-17. The altercation plaintiff had with her female co-worker was not in any way related to any sexual comments or inappropriate behavior.

Furthermore, Courts have held that isolated remarks or occasional episodes of harassment will not merit relief under the Human Rights Law. San Juan v. Leach, 278 A.D.2d 299, 300; 717 N.Y.S.2d 334, 336 (2d Dept. 2000). Furthermore, "[t]o be actionable, the alleged conduct must be both objectively and subjectively offensive, such that a reasonable person would find the behavior hostile or abusive, and such that the plaintiff herself, did, in fact, perceive it to be so." Id.

In the instant case, *assuming arguendo* plaintiff's testimony concerning the alleged sexual harassment were true, such alleged conduct and comments would be considered isolated remarks or occasional episodes of harassment that would not merit relief under the Human Rights Law. Plaintiff testified that during her employment with Tri-Wire, defendant Mark Spiers was known to make some "off-color jokes" while visiting the Suffolk County office. However, plaintiff was

906702v1

6

unable to recall even one joke Mr. Spiers allegedly made in her presence. *See,* Exhibit "E" at p. 321, lines 13-25, p. 322, lines 13, and p. 323, lines 2-8.

Plaintiff also testified that defendant Mark Spiers also had a tendency to talk to her about his dating life, and on a couple of occasions, he said "very graphic things". *See,* Exhibit "E" at p. 323, lines 11-25, p. 324 and p. 327, lines 6-16. Plaintiff admitted that when she asked Mr. Spiers to cease talking with her about his dating life, Mr. Spiers honored her wishes and stopped talking with her about it. *See,* Exhibit "E" at p. 324, lines 9-23 and p. 327, lines 13-25.

For all of these reasons, plaintiff's fourth cause of action should be dismissed in its entirety.

### III. Plaintiff's Sixth Through Ninth Causes of Action Should be Dismissed as a Matter of Law Because Plaintiff has Failed to Present any Admissible Evidence to Support her Allegations that Defendants Engaged in any Discriminatory Practice against her Based on her Gender and/or Pregnancy

Employment discrimination on the basis of pregnancy falls within the prohibitions of the State Human Rights Law (NYS Executive Law Section 296(a)(1)). As interpreted by the courts of this state, that section provides that it is an unlawful discriminatory practice for an employer "to refuse to hire or employ or to bar or to discharge from employment an individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment" because of that individual's sex or disability, including pregnancy.

7

906702v1

(*See*, *e.g.* Matter of Energy Expo Inc. v. NYS Division of Human Rights, 112 A.D.2d 302, 491 NYS2d 748 (2nd Dep't. 1985).

To make out a prima facie case of employment discrimination under the Human Rights Law, plaintiff is required to establish that she was a member of a group protected by statute, that (1) she was qualified for the position, (2) that she was denied the position, and (3) that denial occurred under circumstances that give rise to an inference of discrimination.   (Gilroy v. Continental Corp, 237 A.D.2d 251, 655 N.Y.S.2d 397 (2nd Dep't), *lv. denied* 90 N.Y.2d 809, 686, N.E.2d 1365, 664 N.Y.S.2d 270 (1997); Sogg v. American Airlines, Inc., 193 A.D.2d 53, 603 N.Y.S.2d 21 (1st Dep't 1993), *lv. denied,* 83 N.Y.2d 754, 634, N.E.2d 605, 612 N.Y.S.2d 109 (1994).

In the instant case, there is no evidence to support that the plaintiff was discriminated against based on her gender and/or her pregnancy.  The plaintiff had been an at-will employee at Tri-Wire for approximately twenty-seven (27 months) prior to her termination.  During the duration of her employment she was given a promotion and pay raises.  *See,* plaintiff's personnel file annexed to defendants' motion papers as Exhibit "K".  *See also,* plaintiff's deposition transcript of day one annexed to defendants' motion papers as Exhibit "D" at p. 46, lines 2-22.

Based on her supervisor Raymond Paris's testimony and plaintiff's own testimony, once she informed Tri-Wire of her pregnancy, her job duties and

8

responsibilities were not altered in any way. *See,* plaintiff's deposition transcript of day one annexed to defendants' motion papers as Exhibit "D"at p.88, lines 22-25, p. 89, lines 24-25 and p. 90, lines 2-4. *See also,* Paris Aff. at ¶16.

Furthermore, had the plaintiff remained employed with Tri-Wire until she was to take maternity leave, plaintiff's job position as a Dispatcher was going to be kept open for the plaintiff to resume following her maternity leave. Both plaintiff and defendant Raymond Paris provided testimony confirming that her position as a Dispatcher of the Suffolk County office would remain open for the plaintiff upon her return to work from maternity leave. *See,* Exhibit "Exhibit "D" at p. 117, lines 22-25, p. 118, lines 2-8, p. 143, lines 12-25 and p. 144, lines 2-6. *See also,* Paris Aff. at ¶17.

Moreover, plaintiff was never offered, nor did she undergo any training to become an electronic biller at Tri-Wire. At best, according to plaintiff's own testimony, other than telling her of an "electronic billing possibility", nobody at Tri-Wire did anything to demonstrate to the plaintiff that they in fact wanted her to become an electronic biller. *See,* Exhibit "D" at p. 144, lines 7-20. In fact, plaintiff was completely unaware of what would be required of her to become an electronic biller. *See,* Exhibit "D" at p. 144, lines 21-23.

While plaintiff's highest level of education was the completion of high school, Jennifer Martin, the individual who was hired to fill the electronic billing

9

position had both a College Degree and prior work experience in the Accounts Receivable Department of her former employer's office. *See,* Exhibit "D" at p. 14, lines 24-25 and p. 15, lines 2-10. *See also,* Paris Aff. at ¶15.

Plaintiff was an at will employee of Tri-Wire who was terminated when she failed to return to work on her regularly scheduled work day following an altercation in the office with her co-worker Jennifer Martin. Her termination was the direct result of that altercation and plaintiff's job abandonment following that altercation. *See,* Paris Aff. at ¶¶ 18-19. There is absolutely no evidence to the contrary.

Plaintiff does not deny that she was involved in an altercation, nor does she deny that she failed to return to work on her next scheduled workday following the altercation. In fact, according to plaintiff's own testimony she knew that either she or Jennifer Martin, the co-worker she had the altercation with, would be fired as a direct result of that altercation. *See,* Exhibit "D" at p. 184, lines 2-11, p. 185, p. 187, lines 19-25, p. 188, lines 2-14.

The defendants have made a prima facie showing of entitlement to summary judgment on the sixth through, and including, the ninth causes of action asserted against all defendants, as follows: (1) Plaintiff's job duties and responsibilities remained the same following plaintiff's disclosure of her pregnancy to Tri-Wire; (2) Plaintiff's job would remain open for her return to Tri-Wire following her

10

maternity leave; (3) Plaintiff was never offered the job of electronic biller, nor was she qualified for the position; (4) Jennifer Martin, the individual who was hired as the electronic biller, was qualified for the position and underwent the necessary training for that position; (5) Plaintiff was an at-will employee whose termination was the direct result of her altercation with her co-worker Jennifer Martin and her failure to return to work on her next scheduled work day; and (6) Plaintiff's termination from Tri-Wire did not occur under any circumstances giving rise to any inference of pregnancy discrimination.

For these reasons, all allegations asserted by the plaintiff against all defendants under the sixth through, and including, the ninth causes of action should be dismissed as a matter of law.

## IV. Plaintiff's Tenth Cause of Action Should be Dismissed as a Matter of Law Because in Order to Even get to the Issue of Negligent Supervision and Retention, Plaintiff is First Required to Prove that she Endured Some Discriminatory Practice and that she Suffered Some Injury as a Result of that Practice

"A defendant generally has no duty to control the conduct of third persons so as to prevent them from harming others." Ehrens v. Lutheran Church, 385 F.3d 232 (2nd Cir. 2004) (quoting D'Amico v. Christie, 71 N.Y.2d 76 (1987)). To state a claim for negligent supervision or retention under New York law, in addition to the standard elements of negligence, a plaintiff must show: (1) that the tortfeasor and the defendant were in an employee-employer relationship; (2) that the

11

906702v1

employer 'knew or should have known of the employee's propensity for the conduct which caused the injury prior to the injury's occurrence; and (3) that the tort was committed on the employer's premises or with the employer's chattels.

I respectfully submit that this Honorable Court should not reach this level of inquiry since, as evidenced above, the plaintiff has failed to make out a prima facie case for discrimination or harassment at the work place.

However, *assuming arguendo* that the plaintiff established some unlawful discriminatory and/or harassment practice at her work place by any of the individually named defendants, the plaintiff has failed to present any admissible evidence to support the notion that she suffered any injury as a result of any such practice, nor has the plaintiff presented any admissible evidence to impute knowledge to Tri-Wire as the employer of any employee's propensity for the alleged discriminatory practice(s).

For these reasons, plaintiff's tenth cause of action should be dismissed in its entirety.

## CONCLUSION

For all of the aforestated reasons, the defendants' motion for summary judgment should be granted and the plaintiff's complaint should be dismissed as a matter of law.

12

906702v1

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK)
                                        :ss.:
COUNTY OF NEW YORK      )

Adam Gallagher, having been duly sworn, says:

That she is not a party to the within action, is over the age of 18, and resides in Montclair, New Jersey.

That on the _18th_ day of November, 2008 she served the within **MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** upon:

> Neil Frank, Esq.
> FRANK & ASSOCIATES
> Attorney for plaintiff
> 500 Bi-County Blvd.
> Farmingdale, NY 11735
> 631-756-0400

by depositing a true copy of same in a postage-paid, properly addressed, wrapper and obtaining proof of mailing (copy attached hereto) and placing it under the exclusive care of the United States Postal Service via First Class Mail.

Adam Gallagher

Sworn to before me this
_18th_ day of November 2008

Notary Public

CATHERINE R. DOMINGUES
Notary Public, State of New York
No. 01DO6072649
Qualified in Richmond County
Commission Expires April 08, 20_10_





UNITED STATES POSTAL SERVICE®         Certificate Of Mailing
This Certificate of Mailing provides evidence that mail has been presented to USPS® for mailing
This form may be used for domestic and international mail.
From: Morrison Mahoney LLP
17 State St, Ste 1110
New York, NY 10004

To: Neil Frank, Esq.
Frank & Associates
500 Bi-County Blvd.
Farmingdale, NY 11735

PS Form **3817**, April 2007 PSN 7530-02-000-9065

U.S. POSTAGE
NEW YORK, NY
10004
NOV 18 '08
AMOUNT
$1.10
00098439-19

908580v1